BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

CHINHAYI COLEMAN CADET (CABN 194542)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7205
    FAX: (415) 436-7234
    chinhayi.cadet@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.  CR 15-00375 EJD |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| JUAN CARLOS GARCIA-AVILA, | Date:  August 29, 2016<br>Time:  1:30 p.m.<br>Court: Honorable Edward J. Davila |
| Defendant. | |

## I. INTRODUCTION

### A. Indictment

On October 8, 2015, a 16-count Superseding Indictment was filed in the Northern District of California, charging Juan Carlos Garcia-Avila ("Garcia-Avila"), along with codefendants Misael Ledesma-Renteria (a/k/a Miguel Angel Barreto-Mora) ("Renteria"), Jesus Alberto Bueno-Meza, Raul Monjardin-Iribe, Felipe Enriquez, Jenny Hong Nguyen, Leobardo Monjardin-Iribe, and Peter Tran with various narcotics offenses.  Garcia-Avila was charged in Count 10 of the Superseding Indictment. Count Ten charges a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) – i.e., distribution and

possession with intent to distribute cocaine. Garcia-Avila is also charged in the Forfeiture Allegation.

### B. Garcia-Avila's Guilty Plea

On May 20, 2016, Garcia-Avila pled guilty to Count 10 of the Superseding Indictment charging him with distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). In pleading guilty, Garcia-Avila admitted that, on July 24, 2014, Garcia-Avila drove his co-defendant and co-conspirator Misael Ledesma-Renteria to a meeting, during which Renteria distributed approximately 12 ounces of cocaine to an individual in exchange for $3,400. The transaction took place inside the vehicle in the vicinity of 1800 West Bayshore Avenue, in East Palo Alto, California. Garcia-Avila sat in the driver's seat and Renteria sat in the passenger's seat. Garcia-Avila aided and abetted the transaction by providing the transportation for Renteria to get to and from the drug transaction, which took place in the car. The cocaine distributed during the transaction weighed 305.9 grams. Garcia-Avila admits that that the total amount of cocaine attributable to him for purposes of relevant conduct is 305.9 grams.

## II. SENTENCING GUIDELINES CALCULATIONS

### A. The Sentencing Guidelines Post-Booker

Under the Sentencing Reform Act as modified by *United States v. Booker*, 543 U.S. 220 (2005), this Court must analyze and consider the guideline factors before imposing sentences in federal criminal cases. *Booker*, 543 U.S. at 259 (noting that the Sentencing Reform Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals; *see also United States v. Cantrell*, 433 F.3d 1296, 1279 (9th Cir. 2006) (noting that the [c]ontinuing duty of district courts to consult the Guidelines is statutory). This Court, having calculated the guideline range, should then look to the factors set forth by Congress in 18 U.S.C. § 3553(a) to determine a reasonable sentence for Defendant.

### B. Garcia-Avila's Guidelines Calculations

Garcia-Avila's offense level is driven by the amount of cocaine attributable to him. Specifically, he is liable for the quantity of drugs that "either (1) fell within the scope of the defendant's agreement with his coconspirators or (2) was reasonably foreseeable to the defendant." *United States v. Banuelos*, 322 F.3d 700, 704 (9th Cir. 2003). In the present case, Garcia-Avila is admittedly responsible for at

least 300 grams of cocaine.

Given that Garcia-Avila is responsible for 300 grams or more of cocaine, his Base Offense Level is 20. *See* U.S.S.G. § 2D1.1(a)(5), (c)(10). Garcia-Avila is entitled to a minor role adjustment, resulting in a 2-level reduction. *See* U.S.S.G. § 3B1.2(b). As Garcia-Avila has pled guilty, he is entitled to a 3-level reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. Consequently, Garcia-Avila has a Total Offense Level of 15. Garcia-Avila has a Criminal History Category I. A Total Offense Level of 15 and a Criminal History Category I results in an advisory guideline imprisonment range of 18 to 24 months. *See* PSR, ¶ 52.

For all of the reasons explained below, under the sentencing guidelines and Section 3553(a), a sentence of 18 months is appropriate in this case. The sentencing goals of deterrence, promoting respect for the law, reflecting the seriousness of the offense, and providing just punishment, are met with this proposed sentence.

### III. <u>STATUTORY SENTENCING FACTORS</u>

#### A. Consideration of Garcia-Avila's 3553 Factors

The present case involves a drug trafficking conspiracy and numerous substantive counts regarding specific drug deals. Garcia-Avila was not charged in the conspiracy count, but he was charged in a substantive count. Although Garcia-Avila was not charged in the conspiracy, the specific incidence of the July 24, 2014 drug deal does indeed take place within the context of a larger drug conspiracy. The transaction in Count 10 does not occur within a vacuum, but occurs within a larger context. While Garcia-Avila was not the most important member of the drug trafficking organization targeted in the present case, he was a cog in the wheel that contributed to the distribution of cocaine in the Northern District of California. Cocaine distribution is harmful to society, and drug conspirators need individuals who are willing to provide transportation services to facilitate drug deals. On July 24, 2014, an individual purchased 12 ounces of cocaine from Renteria in exchange for $3,400. Garcia-Avila drove Renteria to the transaction, which took place in the car. Renteria remained in the driver's seat of the vehicle during the transaction, and Renteria remained in the passenger seat of the vehicle during the transaction. The cocaine that Renteria and Garcia-Avila distributed to the individual during this

transaction weighed 305.9 grams. The nature and circumstances of this offense call for a Guideline sentence of 18 months in prison.

### B. Cocaine Is a Dangerous Drug

The defendant trafficked in cocaine. This substance has caused massive harm to drug users, their families, and our society at large. Though drug dealing often is viewed as a victimless crime – or at least one where the victims' injuries are self-inflicted – it is a crime with enormous human costs. In 2013, there were 43,982 deaths in the United States due to drug poisoning. *See* Centers for Disease Control and Prevention ("CDC"), Morbidity and Mortality Weekly Report (Jan. 16, 2015) ("MMWR") at 32. By way of comparison, there were only 32,719 auto fatalities that year. *See* Nat'l Highway & Transp. Safety Admin. 50-14 (Dec. 19, 2014). Moreover, whereas auto fatalities have decreased by 25% since 2004, *id*., drug poisoning deaths have more than doubled, MMWR at 32 (indicating the rate of overdose deaths climbed from 6.1/100,000 persons to 13.8/100,000 persons between 1999 and 2013). The overdose death statistics tell only part of the story. For every person who dies of a drug overdose, there are approximately another 25 who require emergency medical care. Between 2008 and 2011, an average of 1.1 million people annually visited hospital emergency departments because of drug overdoses. *See* CDC Nat'l Center for Health Statistics Data Brief No. 196 (Apr. 2015) at 1. The number of people seeking emergency medical care for drug overdoses increased from 30.7/10,000 in 2004-2007 to 35.4/10,000 in 2008-2011. *Id*. Every one of those persons who needed emergency care or who died from a drug overdose was someone's son or daughter, parent, sibling or friend. The victims of drugs thus are legion – from the addicts themselves, who ruin their health and are unable to maintain steady employment or stable relationships, to the addicts' friends and family, who find their own lives disrupted and diminished by their loved ones' addictions.

The defendant was involved in trafficking cocaine, which is in essence, a deadly poison with narcotic effects. "Cocaine is a strong central nervous system stimulant that increases levels of the neurotransmitter dopamine in brain circuits regulating pleasure and movement." *See*, National Institute on Drug Abuse, http://www.drugabuse.gov/ publications/drugfacts/cocaine. "With repeated use, cocaine can cause long-term changes in the brain's reward system as well as other brain systems, which may lead to addiction. With repeated use, tolerance to cocaine also often develops; many cocaine abusers

report that they seek but fail to achieve as much pleasure as they did from their first exposure. Some users will increase their dose in an attempt to intensify and prolong their high, but this can also increase the risk of adverse psychological or physiological effects." *Id.*

This cycle of addiction and increasing dosage makes cocaine one of the deadliest drugs in America. According to the National Institutes for Health, Center for Disease Control and Prevention (CDC), 4,944 Americans died of cocaine overdoses in 2013 alone. In the fifteen-year period from 1999-2013, over 74,000 Americans died from cocaine overdoses. (*Id.*) These statistics account for fatalities only. The number of people seeking medical care for cocaine-related problems is staggering. In 2011, the last year for which data is readily available, over 500,000 emergency room visits were the result of cocaine use, and over 100,000 patients were admitted to publicly-licensed treatment facilities for treatment of cocaine addiction. *See* National Drug Threat Assessment, 2014, available at http://www.dea.gov/resource-center/dir-ndta-unclass.pdf.

### IV.   CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court, taking into consideration the Sentencing Guidelines and the factors set forth in Section 3553(a), sentence Defendant Juan Carlos Garcia-Avila to 18 months of imprisonment, 3 years of supervised release, and a $100 special assessment.

BRIAN J. STRETCH
United States Attorney

Dated:  August 23, 2016

/s/
CHINHAYI COLEMAN CADET
Assistant United States Attorney